IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ENRIQUE ROMERO GALINDEZ, #17931-069, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 20-cv-00655-JPG ) |
| FAISAL AHMED, K. SCHNEIDER, and FEDERAL BUREAU OF PRISONS, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Angel Enrique Romero Galindez is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently confined at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville). He brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] (Doc. 1). In the Complaint, Plaintiff claims he was denied medical care for a left leg injury by medical staff at FCI-Greenville. (*Id*. at 4-5). He seeks money damages and an order requiring the defendants to carry out their duties.[2] (*Id*. at 6).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Illinois, and the case was transferred to this District on July 6, 2020. (Docs. 1, 6-8).

[2] The Court construes this request as one for injunctive relief at the close of the case. If Plaintiff requires more immediate relief, he may file a separate motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 at any time during the pending action. If he chooses to do so, Plaintiff should identify the exact relief he seeks and the facts that support his request for relief.

1

Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff's body has rejected a metal rod and screw that were surgically placed in his left leg twenty-six (26) years ago.  (Doc. 1, pp. 4-5, 7, 11-13).  When he attempts to walk, he can feel the metal rod rubbing against his bone.  (*Id*. at 4).  Each step causes "extreme pain."  (*Id*.).

For the past eleven months, Plaintiff has requested medical treatment for this condition.  He submitted numerous treatment requests in February, April, and June 2020.  He was seen once in February 2020.  At the appointment, Plaintiff requested and received an x-ray.  He was also prescribed pain medication.  However, the medication did not ease his pain, and it caused serious side effects, including nausea, vomiting, and respiratory problems.  In fear for his life, Plaintiff stopped taking the medication.  (*Id*.).

He continued requesting medical treatment to no avail.  In June, he saw Dr. Ahmed and P.A. Schneider, who disregarded his complaints of pain as being "impossible."  (*Id*. at 2, 5, 13).  Dr. Ahmed ignored Plaintiff's request for a referral to a specialist for further evaluation and treatment.  (*Id*. at 13).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his left leg injury at FCI-Greenville in 2020.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Discussion

Plaintiff brings his claim against FCI-Greenville medical staff pursuant to *Bivens*, which is the federal counterpart to a civil rights claim against state actors pursuant to 42 U.S.C. § 1983. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). Because actions brought under § 1983 and "those of the *Bivens*-type are conceptually identical and further the same policies, courts have frequently looked to [§ 1983] and [its] decisional gloss for guidance" in construing the scope of the *Bivens* remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978).

It is well settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To establish deliberate indifference to a serious medical need, a prisoner must show that he or she has a medical need that is "sufficiently serious." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted). The condition described in the Complaint is sufficiently serious to support a claim.

Plaintiff must also show that the defendants responded to his medical condition with deliberate indifference. This subjective standard is satisfied for screening purposes, if the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Gutierrez*,

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

111 F.3d at 1369. Plaintiff's allegations suggest that Dr. Ahmed of P.A. Schneider may have been deliberately indifferent when they denied him treatment. Count 1 shall receive further review against both of these individuals. Although *Bivens* offers a damages remedy for certain constitutional violations against *individual* federal officers, the remedy does not extend to their employers, such as the BOP or the United States. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001). Therefore, this claim shall be dismissed with prejudice against the BOP.

### Pending Motion

Plaintiff's Motion for Attorney Representation (Doc. 4) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. Plaintiff has not satisfied these requirements because he has not demonstrated any efforts to locate counsel and identified no barriers to self-representation that prevent him from litigating this matter on his own. The Court finds that his limited education and language skills served as no impediment to preparing and filing coherent, organized, and timely pleadings in this matter. At this point, Plaintiff appears fully capable of representing himself.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** will receive further review against Defendants **AHMED** and **SCHNEIDER.** However, **COUNT 1** is **DISMISSED** with prejudice against Defendant **FEDERAL BUREAU OF PRISONS**.

**The Clerk of Court is DIRECTED to TERMINATE Defendant FEDERAL BUREAU OF PRISONS as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **FAISAL AHMED** and **K. SCHNEIDER**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **FAISAL AHMED** and **K. SCHNEIDER** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this**

**Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 7/24/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.