# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ENRIQUE ROMERO GALINDEZ, #17931-069,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>FAISAL AHMED and K. SCHNEIDER,  )<br>)<br>Defendants.  ) | Case No. 20-cv-00655-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter came before the Court for a hearing on Plaintiff Angel Enrique Romero Galindez's Motion for Preliminary Injunction (Doc. 22) on September 24, 2020. In his motion, Plaintiff requested a preliminary injunction requiring healthcare providers at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), to refer him to a bone specialist for evaluation and treatment of his left leg. (*Id*.). For the reasons stated on the record and summarized herein, the motion is **DENIED**.

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is confined at FCI-Greenville. He brought the underlying action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged constitutional deprivations that resulted from the denial of medical treatment for his left leg injury. In his Complaint, Plaintiff alleged that his body recently rejected a metal rod and screws used to surgically repair his shattered left femur twenty-six (26) years ago. (Doc. 1). On July 24, 2020, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and allowed him to proceed with an Eighth Amendment claim against two

1

medical providers, Defendants Ahmed and Schneider, for denying him adequate medical care for his left leg injury in 2020. (Doc. 13).

On September 2, 2020, Plaintiff filed a Motion for Preliminary Injunction, in which he requested a referral to an outside bone specialist for surgery. (Doc. 22). Defendants filed a Response in opposition to the motion on September 16, 2020. (Doc. 25). Plaintiff filed a Reply on September 17, 2020. (Doc. 28). The Court held a preliminary injunction hearing on September 24, 2020, and heard testimony from Plaintiff[1] and Defendant Ahmed.

As explained at the hearing, to obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, -- F.3d --, 2020 WL 5361651, at *1 (7th Cir. Sept. 8, 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Mays v. Dart*, 2020 WL 5361651, at *5. The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Plaintiff has failed to satisfy the above-referenced requirements for a preliminary injunction. Most notably, he must show some likelihood of success on the merits of his claim, and he has not done so. Plaintiff must demonstrate that Defendants responded to his serious medical condition with deliberate indifference, which occurs if the defendants knew of and disregarded an excessive risk to inmate health or safety. Plaintiff has not demonstrated that the defendants

---

[1] At the request of the parties, Plaintiff was provided with a Spanish interpreter at the hearing.

responded to his leg injury with deliberate indifference.  Defendants repeatedly examined him and provided him with pain medication.  Plaintiff specifically seeks surgery to remove the metal in his leg, but he offered insufficient testimony and evidence to support this request.  Rather, Plaintiff described a chronic condition that will cause him to experience some ongoing pain.  Although Defendants have taken steps to address his pain, it is clear from Plaintiff's testimony that he has not been taking his medication as prescribed, and he is not willing to follow up with another regimen of pain medication that would ease his pain.  Based upon the testimony of Defendant Ahmed, the doctor's review of past and present x-rays, and the doctor's experience treating this condition, there is no indication that ordering an outside surgeon to remove the metal rod and screws from Plaintiff's leg is necessary.  Based on the submissions of both parties, their testimony, and the evidence presented, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 10/5/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**