IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ENRIQUE ROMERO GALINDEZ, #17931-069, </br></br>  Plaintiff, </br></br> vs. </br></br> FAISAL AHMED and K. SCHNEIDER, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br></br></br> Case No. 20-cv-00655-JPG |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff Angel Enrique Romero Galindez's "Emergency Informative Motion" filed October 21, 2020. (Doc. 42). In the motion, Plaintiff seeks access to Gabapentin[1] for management of his chronic hip pain. Plaintiff explains that he was prescribed this medication for years at numerous institutions in the Federal Bureau of Prisons (BOP). However, officials at the Federal Correctional Institution located in Greenville, Illinois, (FCI-Greenville) have denied his request for this specific medication since February 2019. Plaintiff seeks a preliminary injunction requiring FCI-Greenville officials to provide him with Gabapentin, particularly as temperatures drop and cause his pain to increase. (*Id.*).

This is the sixth Emergency Informative Motion that Plaintiff has filed in less than two months. (*See also* Docs. 22, 35, 36, 39, and 40). Following a hearing, the Court denied Plaintiff's first motion seeking surgery to replace a femoral rod. (Doc. 22 and 37). He then filed four additional Emergency Informative Motions, seeking the same relief based on the same facts, and the Court denied all three.

---

[1] Gabapentin is an anticonvulsant used to treat seizures and to relieve pain for certain conditions of the nervous system (e.g., shingles). Because Gabapentin is an anticonvulsant, it is not used for routine pain caused by minor injuries. *See* https://www.mayoclinic.org/drugs-supplements/gabapentin-oral-route/description/drg-20064011 (last visited Nov. 4, 2020).

1

(Docs. 35-41).  In his latest Emergency Informative Motion, Plaintiff focuses on a request for Gabapentin.  (Doc. 42).  Defendants filed a Response in opposition to the motion, which will be addressed in the below discussion.  (Doc. 44).

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim.  *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)).  If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief.  *Mays v. Dart*, 974 F.3d at 817-18.  The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor.  *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).  Plaintiff has not satisfied these requirements.

He has not shown some likelihood of prevailing on the merits.  Plaintiff brought the underlying action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged constitutional deprivations that resulted from inadequate medical care for a left leg injury.  In his Complaint, Plaintiff alleged that his body rejected a metal rod and screws used to surgically repair a shattered left femur twenty-six (26) years ago.  (Doc. 1).  Following screening of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single Eighth Amendment claim against Dr. Ahmed and Physician's Assistant Schneider for denying him adequate medical care for his injury.  (Doc. 13).

To support his motion for preliminary injunctive relief, Plaintiff must demonstrate that Defendants responded to his request for Gabapentin with deliberate indifference, which occurs if the defendants knew he required this medication and disregarded his need for it.  Plaintiff has not

made this showing.  Defendants have examined and x-rayed Plaintiff's left leg to confirm that the rod has not failed and there is no fracture.  (Doc. 44, pp. 1-3).  Working with a radiologist, they determined that surgical intervention is not clinically indicated.  As of September 24, 2020, Plaintiff ambulated without issue but complained of ongoing pain.  To address his pain, Defendants first prescribed Duloxetine, which caused adverse side effects, and then prescribed Naproxen, which Plaintiff now claims is ineffective.  Defendants have explained that they will next consider steroid injections but will refrain from prescribing Gabapentin because "recent medical trends have counseled against the use of Gabapentin for off-label purposes such as general pain management." (Doc. 44, p. 3) (citing Exhibit B at ¶¶ 8-10).  It is addictive and has significant side effects.  (*Id*.). Plaintiff is again seeking to dictate his own course of treatment, and Defendants' failure to follow his desired treatment plan does not amount to deliberate indifference.

Moreover, Plaintiff has not demonstrated that he will suffer irreparable harm without this injunction.  Plaintiff complains of increasing pain associated with the decreasing temperatures.  If Naproxen proves ineffective, Plaintiff should report this to medical staff.  Defendants have indicated they will next consider steroid injections.

Finally, there is no showing that traditional legal remedies are ineffective.  If Plaintiff is unable to secure relief with Naproxen and steroid injections, he can discuss alternative treatment option with Defendants.  If he remains dissatisfied, Plaintiff should use the administrative grievance process to address his complaints before again turning to the Court for injunctive relief.

The Court has considered the submissions of both parties and the evidence presented in connection with Plaintiff's requests for injunctive relief to date.  Plaintiff has failed to satisfy the requirements for obtaining relief under Federal Rule of Civil Procedure 65.  Accordingly, Plaintiff Sixth Emergency Informative Motion (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 11/4/2020**

                                                      s/J. Phil Gilbert  
                                                    **J. PHIL GILBERT**  
                                                    **United States District Judge**