IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL ENRIQUE ROMERO GALINDEZ,
Plaintiff,

v.

Case No. 20–CV–00655–JPG

FAISAL AHMED and
K. SCHNEIDER,
Defendants.

**MEMORANDUM & ORDER**

This is a prisoner civil-rights case. Before the Court is Plaintiff Angel Enrique Romero Galindez's Motion for Preliminary Injunction. (Doc. 75). In brief, Galindez requests a preliminary injunction requiring healthcare providers at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville") to fill his prescription for Gabapentin (600 milligrams) and administer it to him three times each day. (*Id.*). The Court held a hearing on June 17, 2021. For the reasons stated on the record and summarized below, the Court **DENIES** Galindez's Motion.

## I.  PROCEDURAL & FACTUAL HISTORY

Galindez brought this action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for the denial of medical care at FCI-Greenville for the suspected failure of hardware surgically placed in his left leg. (Doc. 1). He alleges that his body rejected a metal rod and screws used to surgically repair a shattered left femur twenty-six years ago, and the defendants refuse to refer him for surgery. (*Id.*). He requests money damages and injunctive relief. (*Id.*). And on July 24, 2020, the Court screened the Complaint and allowed Galindez to proceed with an Eighth Amendment claim against two medical providers, Dr. Ahmed and K. Schneider, for denying adequate medical care for his left leg injury in 2020. (Doc. 13).

Galindez filed a Motion for Preliminary Injunction on September 2, 2020. (Doc. 22). He explains that he requested a referral to an outside bone specialist for evaluation and treatment—specifically, replacement of the hardware in his left leg. Following a hearing on the motion, Galindez's request was denied. He later filed several motions seeking reconsideration of this decision and renewing his request for surgery and prescription pain medication—specifically, Gabapentin. The Court denied these motions too.

Then, on April 29, 2021, Galindez filed a Declaration stating that he was seen by an orthopedic specialist on April 22, 2021. (Doc. 75). The specialist prescribed him Gabapentin to be taken three times daily for pain associated with his left leg injury. (*Id.*). The same specialist ordered surgery to replace the failed hardware in his leg. (*Id.*). Galindez pointed out that both orders tracked his prior requests for relief and provided evidence of the defendants' deliberate indifference toward his medical condition. (*Id.*).

The Court construed the Declaration as a Motion for Preliminary Injunction and ordered the defendants to file a written response to it. They did so on May 21. (Doc. 78). They claimed that the prescription for Gabapentin was in the specialist's orders only at Galindez's request, and it was excluded from his post-operative pain management plan. (*Id.*). Because Galindez underwent surgery on May 10, he was subject to the post-operative pain management plan and not the pre-operative orders. (*Id.*). Under the circumstances, the defendants ask the Court to deny Galindez's request for Gabapentin. (*Id.*). The Court held a preliminary injunction hearing on June 17 and received testimony from Galindez and Defendant Ahmed.[1]

---

[1] Consistent with the hearing on September 24, 2020, the Court provided Galindez with a Spanish interpreter during the hearing on June 17, 2021.

## II. LAW & ANALYSIS

Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Even so, "it is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chi. Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). In other words, a preliminary injunction should never be granted unless a case clearly demands it. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008). This is particularly true when a plaintiff seeks a mandatory preliminary injunction, requiring the defendants to take affirmative steps to secure treatment—and even surgery—with an outside specialist. Mandatory preliminary injunctions are "ordinarily cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

"To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (cleaned up). "If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction." *Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1087.

To prevail on the merits of his Eighth Amendment claim, Galindez must establish that the defendants responded to his serious medical condition with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But while deliberate indifference to a serious medical need violates the Eighth Amendment, "negligen[ce] in diagnosing or treating a medical condition" does not. *Id.* Rather, the defendants must have "acted or failed to act despite [their] knowledge of a

— 3 —

substantial risk of harm." *Farmer v. Brennan*, 511 U.S. 832, 842 (1994). In the medical context, the plaintiff can meet its burden by proving that "the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee Cty.*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment."). This includes situations in which a prison official persists in a course of treatment that is known to be ineffective, *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006), or chooses an "easier and less efficacious treatment" without exercising professional judgment, *Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015). As the Seventh Circuit noted in *Petties v. Carter*, "a medical decision that has *no* support in the medical community, along with a suspect rationale provided for making it, can support a jury finding that a doctor knew his decision created a serious risk to an inmate's health." 836 F.3d 722, 729 n.2 (7th Cir. 2016) (emphasis in original). Mere disagreement between two medical professionals about the proper course of treatment, however, usually cannot establish an Eighth Amendment violation. *Johnson*, 433 F.3d at 1013.

With that in mind, the defendants' briefs and the evidence presented at the June 17 hearing do not support a finding of deliberate indifference. Dr. Ahmed's stepwise treatment plan for Galindez—both before and after the Complaint was filed—suggests that he responded in a reasonable manner to Galindez's serious health condition. He issued prescription-strength Naproxen to be taken twice per day to ease Galindez's pain and noted that he would consider

steroid injections if the medication was ineffective. Since then, Galindez has been given Tylenol, pain patches, Lidocaine, and nonsteroidal anti-inflammatory drugs to reduce swelling and redness. Dr. Ahmed also explained that Gabapentin is generally disfavored for pain management, is not FDA approved for that purpose, and is no longer included in the Bureau of Prisons Formulary. And while Galindez seeks Gabapentin for pain management, the defendants point out that this request was made on April 29, 2021—*before* he underwent surgery on May 10, 2021. In other words, his prescription for Gabapentin was not included in his post-operative treatment plan. While Galindez disagrees with the chosen course of treatment, nothing in the record or the hearing testimony suggests that the defendants' actions departed so significantly from accepted practices to the point that they were not exercising their professional judgment. On the contrary, given that Gabapentin is not commonly prescribed for pain management and is not approved by either the FDA or the Bureau of Prisons, the decision not to prescribe it here does not support a finding of deliberate indifference. So because Galindez cannot satisfy the threshold requirement of showing some likelihood of success on the merits, the Court **DENIES** his Motion for a Preliminary Injunction.

### III.   CONCLUSION

The Court **DENIES** Plaintiff Angel Enrique Romero Galindez's Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

**Dated: Tuesday, June 29, 2021**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**