IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ENRIQUE ROMERO GALINDEZ, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No. 20-cv-00655-JPG |
| vs. | ) ) |
| FAISAL AHMED and K. SCHNEIDER, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Defendants Faisal Ahmed's and K. Schneider's Motion for Summary Judgment. (Doc. 52). Defendants request summary judgment based on Plaintiff Angel Galindez's failure to exhaust administrative remedies before filing suit or, alternatively, on the merits of the deliberate indifference claim. For the reasons set forth herein, the Court finds that Plaintiff failed to exhaust his available administrative remedies before filing suit. Therefore, the motion for summary judgment on the issue of exhaustion shall be granted, and the motion for summary judgment on the merits of the deliberate indifference claim shall be dismissed as moot.

### INTRODUCTION

Plaintiff Angel Enrique Romero Galindez brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). More specifically, Plaintiff claims that Defendants denied him adequate medical care for failed hardware that was surgically placed in his left leg more than two

1

decades ago. Following threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following claim:

> **Count 1:** Eighth Amendment claim against Dr. Ahmed and PA Schneider for denying Plaintiff adequate medical care for his left leg injury at FCI-Greenville in 2020.

(Doc. 13).

Defendants Ahmed and Schneider filed their motion for summary judgment along with an answer to the complaint on November 25, 2020. Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit and cannot establish that they were deliberately indifferent to his serious medical needs. (Doc. 52). More specifically, Defendants indicate that Plaintiff filed three administrative remedy requests during the relevant time period—a BP-9 dated June 15, 2020, a BP-10 dated July 20, 2020, and a BP-11 dated September 28, 2020. In each, Plaintiff requested surgery to remove the intramedullary rod in his left leg. He submitted two of these requests, *i.e.*, the BP-10 and BP-11, after filing this action on June 29, 2020. Because Plaintiff did not exhaust his available administrative remedies before bringing suit, Defendants seek dismissal of the action without prejudice. Alternatively, they request summary judgment on the merits of Plaintiff's deliberate indifference claim. In support of this alternative request for relief, Defendants offer Plaintiff's medical records and testimony from his initial preliminary injunction hearing. (*Id.*).

Plaintiff filed a response in opposition to the motion for summary judgment on January 28, 2021. (Doc. 72). He challenges Defendants' summary judgment motion on the merits of the deliberate indifference claim. However, Plaintiff is silent on the issue of exhaustion.

Defendants filed a supplement to their motion for summary judgment following a second hearing on Plaintiff's request for a preliminary injunction on June 11, 2021. (Doc. 90). In it,

they seek dismissal of this action on the merits of the deliberate indifference claim based on events occurring before and after Plaintiff filed suit.

## RELEVANT FACTS

In the complaint, Plaintiff alleges that his body rejected internal hardware that was surgically placed in his left femur twenty-six years ago. (Doc. 1, pp. 4-5, 7, 11-13). Movement of his leg causes "extreme pain." (*Id*. at 4). During his incarceration at FCI-Greenville in 2020, he requested medical treatment for the condition in February, April, and June 2020. (*Id*.). In response, he received an x-ray of his left leg and prescription medication for pain. (*Id*.). When the pain medication made him ill, Plaintiff stopped taking it. (*Id*.). When he requested additional treatment, including surgical removal of the hardware in his left leg, Dr. Ahmed and PA Schneider disregarded his requests. (*Id*. at 2, 5, 13). Plaintiff attempted to use the grievance process to resolve the matter both before and after filing suit on June 29, 2020.

Defendants Ahmed and Schneider produced a complete copy of Plaintiff's administrative remedy records along with their motion for summary judgment. (Doc. 52-3, Exs. 3 and 4). Plaintiff's BOP SENTRY Administrative Remedy Generalized Retrieval Report ("Report") lists all requests and appeals received from him. (Doc. 52-3, ¶ 5). A copy of each request, response, and appeal is also included. (Doc. 52-3, pp. 17-22). According to the Report, Plaintiff made the following attempts to resolve this matter using the grievance process:

- **BP-8:** He first attempted informal resolution of his grievance on June 8-9, 2020. (Doc. 52-3, p. 23).

- **BP-9:** He then filed a Request for Administrative Remedy No. 1028809-F1, which was signed June 15, 2020 and received June 23, 2020. In it, Plaintiff describes left leg pain and requests surgical removal of a rod and screws. The Warden denied the request on July 1, 2020. (Doc. 52-3, ¶ 6, Exs. 3 and 4; Doc. 52-3, pp. 20-22).

- **BP-10:** He filed a Regional Administrative Remedy Appeal No. 1028809-R1, which was signed July 20, 2020 and received July 22, 2020. There, Plaintiff appealed the

3

> Warden's decision on Administrative Remedy No. 1028809-F1 to the Regional Office, and it was denied on September 10, 2020. (Doc. 52-3, ¶ 7, Exs. 3 and 4; Doc. 52-3, pp. 18-19).
>
> - **BP-11:** He filed a Central Office Administrative Remedy Appeal No. 1028809-A1, which was signed September 28, 2020 and received October 9, 2020. There, Plaintiff appealed the prior decisions to the Central Office, and the Central Office Administrator closed this appeal on November 13, 2020. (Doc. 52-3, ¶ 6, Exs. 3 and 4; Doc. 52-3, p. 17).

In his response to the motion for summary judgment (Doc. 72), Plaintiff did not address Defendants' argument that he failed to exhaust his available remedies before filing suit. Plaintiff focused entirely on the merits of his deliberate indifference claim against them. (*Id.*).

In their supplement to the motion for summary judgment (Doc. 90), Defendants did not address any additional issues regarding Plaintiff's failure to exhaust his administrative remedies. They focused entirely on the request for summary judgment on the merits of the deliberate indifference claim.

## DISCUSSION

**A.     Summary Judgment**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most

favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Normally, the court cannot resolve factual disputes on a motion for summary judgment; they must be decided by a jury. *See, e.g., Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("[A] trial is the standard means of resolving factual disputes. . . ."). The opposite is true, however, when the motion for summary judgment pertains to a prisoner's failure to exhaust. The Seventh Circuit has instructed courts to conduct an evidentiary hearing in order to resolve contested issues of fact regarding a prisoner's purported failure to exhaust. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts*, 745 F.3d at 234. On the issue of exhaustion, the defendants have the burden of proof. *Pavey*, 663 F.3d at 903; *Westerfer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Where there are no material factual disputes, an evidentiary hearing is not necessary. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal questions").

**B.     Administrative Exhaustion**

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 663 F.3d at 903. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to both state and federal inmates. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). As a BOP inmate, Plaintiff is subject to the PLRA's exhaustion requirement.

Proper exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993) (Courts are "not free to rewrite the statutory text" when Congress has strictly "bar[red] claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The Seventh Circuit Court of Appeals demands strict compliance with the exhaustion rules. *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In order to properly exhaust his administrative remedies, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford*, 548 U.S. at 90.

In ruling on the pending motion for summary judgment, the Court must first address the motion seeking dismissal on exhaustion grounds and only then take up the motion seeking dismissal of the deliberate indifference claim on the merits. *See Perez*, 182 F.3d at 534. The Court addresses the motions in this order because "[a]pplication of a law designed to prevent [a] decision on the merits cannot be avoided by *making* the very decision whose propriety is contested, then declaring the decision-avoidance statute 'moot.'" *Id*. (emphasis in original). The Seventh Circuit further explains that "[e]xamining the merits first and then ordering a case dismissed on exhaustion grounds only if the plaintiff is apt to prevail not only would disregard the statutory approach, which puts administrative ahead of judicial inquiry, but also would border on (if it would not transgress) the rule against issuing advisory opinions." *Id*. Accordingly, this Court will take up the issue of exhaustion first and the merits second.

C.  **FCI-Greenville's Administrative Remedies Process**

To exhaust administrative remedies at FCI-Greenville, federal prisoners must use the BOP's Administrative Remedy Program described in 28 C.F.R. §§ 542.10-.19, along with institution-specific supplemental procedures. In its normal course at FCI-Greenville, the

grievance process involves four steps:

> **Step 1:** The inmate must attempt informal resolution by presenting his complaint to a member of the staff. 28 C.F.R. § 542.13. The form used to document this complaint is referred to as a BP-8;
>
> **Step 2:** If informal attempts do not resolve the matter, the inmate must submit an Administrative Remedy Request on a BP-9 form within 20 calendar days of the event or injury giving rise to the complaint. 28 C.F.R. § 542.14. The Administrative Remedy Request must be answered by the warden of the institution where the inmate is located. *Id*.;
>
> **Step 3:** If the inmate is not satisfied with the Warden's response to the Administrative Remedy Request, the inmate may appeal the Warden's decision to the Regional Director using a BP-10 form submitted within 20 calendar days of the Warden's response date. 28 C.F.R. § 542.15;
>
> **Step 4:** If the inmate remains dissatisfied with the Regional Director's response to the appeal, the inmate may appeal once more to the BOP General Counsel using a BP-11 form submitted within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15. An appeal to the BOP General Counsel is the final step in the administrative review process, and the inmate's remedies are deemed exhausted when he receives a response from the BOP General Counsel or upon the expiration of the General Counsel's response time.

(*See* Doc. 52-3, ¶ 4). BOP regulations specify the response time for Administrative Remedy Requests and Appeals. 28 C.F.R. § 542.18. A warden must respond to an Administrative Remedy Request within 20 calendar days; a Regional Director must respond to an appeal within 30 calendar days; and the General Counsel must respond to an appeal within 40 calendar days. *Id*. BOP staff may extend the deadlines after notifying the inmate in writing. *Id*. If the designated BOP employee fails to timely respond, the inmate "may consider the absence of a response to be a denial at that level." *Id*.

**D.    Analysis**

Plaintiff failed to respond to the motion for summary judgment on the issue of exhaustion. In doing so, Plaintiff disregarded the Notice filed pursuant to Federal Rule of Civil Procedure

56(e). (Doc. 53). The Rule 56(e) Notice advises Plaintiff that "[i]f a party fails . . . to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." (*Id*.). Local Rule 7.1(c) also provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c). The Court deems the facts presented by Defendants on the issue of exhaustion undisputed. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

The Court has reviewed the grievance records submitted in connection with the pending motion for summary judgment and considered the arguments presented. This review shows that there are only three grievances that potentially cover Plaintiff's claim against Defendants regarding Plaintiff's leg injury and subsequent medical treatment:

- **BP-9** signed June 15, 2020 and received June 23, 2020 (Doc. 52-3, pp. 20-22);
- **BP-10** signed July 20, 2020 and received July 22, 2020 (*id*. at 18-19); and
- **BP-11** signed September 28, 2020 and received October 9, 2020 (*id*. at 17).

Plaintiff filed suit on June 29, 2020. *See Galindez v. Ahmed*, No. 20-cv-03859 (N.D. Ill. June 29, 2020). Therefore, only one of the grievance documents was filed before the lawsuit—the BP-9. Given this, the Court finds that Plaintiff did not exhaust his available administrative remedies until *after* filing suit.

Under the PLRA, exhaustion is a precondition to suit. 42 U.S.C. § 1997e(a). A plaintiff cannot sue first and exhaust later. *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004). The purpose of exhaustion is to give prison officials the opportunity to resolve disputes informally and expeditiously without court intervention. *Perez*, 182 F.3d at 537 (exhaustion serves dual purposes

of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). Prison officials must have an opportunity to resolve disagreements internally before a plaintiff turns to the court for help. "Until the issue of exhaustion is resolved, the Court cannot know whether it is to decide the case or the prison authorities are to." *Pavey*, 544 F.3d at 741.

The undisputed facts reveal that Plaintiff filed this lawsuit before his available remedies were completely exhausted and, in doing so, deprived prison officials of a full and fair opportunity to resolve this matter internally. Failure to properly exhaust is grounds for dismissal of the lawsuit. *Id.*; *Perez*, 182 F.3d at 535. Defendants Ahmed and Schneider are entitled to summary judgment on the issue of exhaustion. Having reached this conclusion, it is not necessary to address the related motion for summary judgment on the merits of the deliberate indifference claim, and this motion shall be dismissed as being moot.

## DISPOSITION

**IT IS ORDERED** that Defendants Faisal Ahmed's and K. Schneider's motion for summary judgment on the issue of exhaustion (Doc. 52) is **GRANTED**, and the motion for summary judgment on the deliberate indifference claim (Doc. 52) is **DISMISSED** as **MOOT**. Because no other claims remain pending, this action is **DISMISSED.**

**IT IS ORDERED** that **COUNT 1** against Defendants Ahmed and Schneider is **DISMISSED** without prejudice for failure to exhaust his administrative remedies. Plaintiff may refile his suit as a new action, if he wishes to pursue his claim. When deciding whether and when to do so, Plaintiff should remain mindful of the two-year statute of limitations applicable to this claim. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED: 7/14/2021

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**